UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
WENDY BALSER,                           )
                                        )
           Plaintiff,                   )
                                        )
v.                                      )   Civil Action No. 08-cv-11376-LTS
                                        )
IUE LOCAL 201 and GENERAL               )
ELECTRIC CO.,                           )
                                        )
           Defendants.                  )
_____)

ORDER AND MEMORANDUM ON PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT

November 16, 2010

SOROKIN, M.J.

This Court granted summary judgment in favor of the Defendants on October 4, 2010 (Docket #43). It further entered judgment in favor of the Defendants on that date (Docket #44). On October 22, 2010, the Plaintiff, Wendy Balser, moved pursuant to Fed. R. Civ. P. 59(e) for reconsideration and to alter or amend the judgment(Docket #45).

To prevail on a Rule 59(e) motion, Balser must "demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir.2006) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir.2005)). Having reviewed Balser's motion and Defendants' oppositions, the Court determines that Balser has failed to meet the governing legal standard. Accordingly, her Motion is DENIED.

Specifically, the Court notes the following: Balser cites a February 20, 2008, e-mail from Human Resources Manager Matthew Scagnelli to Richard Sampson, who, at that time, was responsible for job postings at River Works. Balser argues that this e-mail supports the inference that her job was reclassified after she punched in on that date. Whether or not this e-mail, standing alone, would support that inference, it is not the only evidence in the record and this Court evaluates the record evidence in its totality. In the face of all of the evidence in the record, including the affidavits submitted in support of the Defendants' motions for summary judgment, the e-mail *implementing* the decision to reclassify the Zyglo Sorter position does not create the reasonable inference that the decision to do so was *made* on February 20. In addition, the Court notes that Balser's motion cites no contractual language or factual evidence to support the notion that the CBA should be read any differently than suggested by the uncontradicted affidavit submitted by the employer describing the settled practice under the CBA.

WHEREFORE, the Motion to Alter or Amend the Judgment and for Reconsideration is DENIED.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE